# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TROY AND LESLIE PATTON, | § | |
| Individually and a/n/f of HUNTER | § | |
| PATTON AND TANNER PATTON | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-631 |
| | § | Judge Mazzant |
| NIKE, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Join Defendant and Motion to Remand (Dkt. #8). After reviewing the motion, the response, the reply, and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On September 3, 2014, Plaintiffs Troy and Leslie Patton, Individually and a/n/f H.P. and T.P. ("Plaintiffs") filed a petition against Defendant, Nike, Inc. ("Nike") in the 296th District Court of Collin County, Texas (Dkt. #3). On September 30, 2014, Plaintiffs filed their First Amended Petition ("Amended Petition") in the state court action (Dkt. #5).

Plaintiffs allege they purchased Nike Dri-Fit shorts ("Nike Shorts") from Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy") on February 14, 2014 (Dkt. #5). In May 2014, H.P. was severely burned when the Nike Shorts caught on fire (Dkt. #5 at ¶ 6). Plaintiffs brought a strict products liability and negligence action against Nike alleging that the Nike Shorts were unreasonably dangerous and that Nike failed to warn them about the danger (Dkt. #5 at ¶¶ 13-22).

On October 1, 2014, Nike removed the action to this Court on the basis of diversity jurisdiction (Dkt. #1). On October 30, 2014, Plaintiffs filed their Motion to Join Defendant and

Motion for Remand, in which they seek to join Academy alleging claims of strict products liability and negligence (Dkt. #8). On December 1, 2014, Defendant filed its Response to the Motion to Join Defendant and Motion for Remand (Dkt. #11). On December 8, 2014, Plaintiffs filed their reply (Dkt. # 14).

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15(a) allows a party to amend its pleading within a timely manner.[1] *See* FED. R. CIV. P. 15(a). "A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)." *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Short v. Ford Motor Co.*, 21 F.3d 1107, No. 93-8626, 1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994).

> When a court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332…a party's request to amend a complaint in order to add a non-diverse defendant implicates concerns beyond those in the usual Rule 15 motion because the addition of a non-diverse defendant destroys a court's diversity jurisdiction.

*Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012); *see Hensgens*, 833 F.2d at 1181-82. Therefore, a motion for leave to amend to add a non-diverse party is governed by 28 U.S.C. § 1447(e)[2], not Federal Rule of Civil Procedure 15(a). *Id.* (citing *Gallegos v. Safeco Ins. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009); *see Hensgens*, 833 F.2d at 1182; *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996)). "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exists strong equities in its favor." *Whitworth*, 914 F. Supp. at 1435.

---

[1] "A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), (f), whichever is earlier." FED. R. CIV. P. 15(a)(1).

[2] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court." 28 U.S.C. § 1447(e).

In deciding whether to permit joinder of a non-diverse defendant, "courts are confronted with two 'competing interests': the policy to avoid parallel judicial proceedings, and a defendant's interest in retaining the federal forum." *Anzures*, 886 F. Supp. 2d at 562; *see Hensgens*, 833 F.2d at 1182. The Court should examine the facts set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) and consider the following: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* at 1182; *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 429, 431 (E.D. Tex. 1995). The balancing of these interests does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hensgens*, 833 F.2d at 1182.

## ANALYSIS

Plaintiffs seek to join Academy as a defendant in the present case. Academy is a Texas resident; and therefore, its joinder would destroy complete diversity. Because complete diversity would be destroyed, Plaintiffs request that the Court remand the proceedings to the state court.

The first *Hensgens* factor for the Court to consider is "whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (citation omitted); *see Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004). Courts have concluded that failing to join a non-diverse defendant prior to removal when the plaintiff was aware of the non-diverse defendant's identity "suggests that the purpose of the amendment is to destroy diversity." *Tomlinson*, 2006 WL 1331541, at *3. In the present case, it appears to be undisputed that Plaintiffs knew of

Academy's identity at the time Plaintiffs filed the state court suit. Therefore, it appears to the Court that Plaintiffs are adding Academy simply to defeat the Court's jurisdiction.

The Court should also analyze whether there is a valid claim against Academy. *See Anzures*, 886 F. Supp. 2d at 564 ("[i]ntertwined with [the first *Hensgens*] inquiry is the viability of plaintiff's claim against the proposed defendants"). Plaintiffs fail to allege any facts that support a claim against Academy. Plaintiffs allege that the joinder of Academy is proper because Academy sold Plaintiffs the Nike Shorts that burned H.P. Plaintiffs contend that other brands use the same moisture wicking technology with warning labels about flammability; and therefore, Academy knew that a warning was necessary (Dkt. #8 at ¶¶ 5-7). Defendant contends that joinder is improper because there is no evidence that Academy knew that the Nike Shorts were defective and lacked a warning (Dkt. #11 at pp. 6-7).

Section 82.003 of the Texas Civil Practices and Remedies Code precludes liability for a non-manufacturing seller of a product unless certain exceptions apply. *See* TEX. CIV. PRAC. & REM. CODE § 82.003; *Mix v. Target Corp.*, 759 F. Supp. 2d 876, 878 (W.D. Tex. 2010).

> The Supreme Court of Texas has explained that the intended purpose of Chapter 82 is to "protect innocent sellers who are drawn into products liability litigation solely because of the vicarious nature of that liability by assigning responsibility for the burden of the litigation to product manufacturers." *General Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 262 (Tex. 2006). Primary liability is effectively placed on the manufacturer, as opposed to the innocent seller, since manufacturers are usually in a better position to recognize and remedy product defects. *See Graco, Inc. v. CRC, Inc. of Texas*, 47 S.W.3d 742, 745 (Tex. App. 2001). Additionally, the provisions of Chapter 82 were crafted in order to provide an equitable balance between protecting the right of the consumer to sue any party placing a product into the stream of commerce and protecting innocent sellers from the unfairness of the financial burden of establishing the seller's lack of liability. *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 868-69 (Tex. 1999).

*Mix v. Target*, 759 F. Supp. 2d at 879.

In order for a seller[3] to be liable for the harm caused by a product, a claimant must prove one of seven exceptions. *Mix v. Target*, 759 F. Supp. 2d at 878-79. Under § 82.003(a)(6) of the Code, a plaintiff may recover against a nonmanufacturing seller for injuries resulting from a defective product if the seller actually knew of a defect to the product when the seller supplied the product and the plaintiff's harm resulted from the defect. TEX. CIV. PRAC. & REM. CODE § 82.003(a)(6); *Rubin v. Daimlerchrysler Corp.*, No. Civ. A. H044021; 2005 WL 1214605, at *6 (S.D. Tex. May 20, 2005); s*ee Reynolds v. Ford Motors Co.*, No. Civ. A. 5:04cv085-C; 2004 WL 2870079 (N.D. Tex. Dec. 13, 2004) (remanding products liability suit for lack of diversity because the petition alleged that the in-state seller had actual knowledge of a product defect at the time of sale). To establish that the "actual knowledge" exception applies, the plaintiff must demonstrate that: "(A) the seller actually knew of a defect to the product at the time the seller supplied that product; and (B) the claimant's harm resulted from the defect…" TEX. CIV. PRAC. & REM. CODE § 82.003(a)(6); *Mix v. Target*, 759 F. Supp. 2d at 879. "Under the Texas statute, however, liability cannot be based on an allegation that a seller *should have known* of a defect in a product." *Rubin*, 2005 WL 1214605, at *6 (s*ee Reynolds*, 2004 WL 2870078, at *3 ("The language of section 82.003 clearly requires actual knowledge of the defect on the part of the seller…Section 82.003 makes no reference to what a seller should have known or foreseen.").

Plaintiffs offer no evidence to demonstrate that Academy had actual knowledge of the alleged defect in the Nike Shorts and the fact that the Nike Shorts needed and lacked a warning. Plaintiffs state that other brands sold by Academy use the same moisture wicking technology and provide warning labels; however, the Court does not find this to be sufficient evidence to constitute actual knowledge (Dkt. #8 at ¶¶ 6-7). Defendant contends that Academy had no

---

[3] Under the Code, "[s]eller" means an entity that "is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." TEX. CIV. PRAC. & REM. CODE § 82.001.

internal knowledge of an alleged defect regarding the Nike Shorts because Nike did not issue a notice of recall regarding the alleged defect or make Academy aware of the alleged defect (Dkt. #11 at pp. 8-10; Dkt. #11-1; Dkt. #11-2). Because the Plaintiffs have not demonstrated that Academy had actual knowledge of the defect when the Nike Shorts were purchased by Plaintiffs, the Court finds that this factor weighs heavily in favor of denial of leave to amend.

The second *Hensgens* factor is whether Plaintiff was dilatory in seeking a leave to amend. *See, e.g.*, *Hensgens*, 833 F.2d at 1182; *Irigoyen*, 2004 WL 398553, at *4. "In analyzing the second *Hensgens* factor, courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures*, 886 F. Supp. 2d at 565 (citing *Mia Reed*, No. H-10-4440; 2012 WL 2499932, at *9 (S.D. Tex June 27, 2012)). In such a circumstance, "[a] delay or two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory," especially when a plaintiff knew of the potential defendant's role prior to filing the case in state court. *Anzures*, 886 F. Supp. 2d at 565; *see, e.g.*, *Irigoyen*, 2004 WL 398553, at *4; *Phillips v. Delta Airlines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). "Courts also consider the procedural posture of the case, particularly whether 'trial or pre-trial dates were scheduled,' or [whether] any 'significant activity beyond the pleading stage has occurred.'" *Anzures*, 886 F. Supp. 2d at 565 (citing *Arthur v. Stern*, No. H-07-3742, 2008 WL 2620116, at *5 (S.D. Tex. June 26, 2008)).

As stated above, it is undisputed that Plaintiffs knew of Academy's identity at the time they filed their state court action. Plaintiffs, however, did not seek to add Academy to the present suit until 30 days after Defendant removed the case to this Court (Dkt. #1; Dkt. #8). However, Plaintiffs have timely filed their motion according to the Court's scheduling order

entered on February 17, 2015 (Dkt. #24).  Because of the foregoing, the Court finds that the second *Hensgens* factor is neutral.

The third *Hensgens* factor is whether Plaintiffs would be prejudiced by denying leave to amend.  *See, e.g.*, *Hensgens*, 833 F.2d at 1182; *Irigoyen*, 2004 WL 398553, at *5.  "In determining prejudice to a plaintiff under the third *Hensgens* factor, courts consider 'whether a plaintiff can be afforded complete relief in the absence of the amendment.'"  *Anzures*, 886 F. Supp. 2d at 565 (quoting *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010)).  Some courts analyze whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiffs.  *See Bienaime v. Kitzman*, Nos. 00-0284, 00-0473, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000).  There is no indication that Defendant would be unable to satisfy a future judgment.  Since there is no allegation that Academy had actual knowledge of the alleged defect regarding the Nike Shorts, the Court can see no prejudice in denying Plaintiffs' motion.  Although Plaintiffs could file a separate action against Academy in state court, Plaintiffs have not alleged any factual evidence against Academy demonstrating that it had actual knowledge of the alleged defect in the Nike Shorts.  Therefore, the Court does not see a likelihood of a parallel proceeding.  The third factor weighs in favor of denying Plaintiffs' motion to amend.

The final *Hensgens* factor requires the Court to analyze other equitable factors.  *See, e.g.*, *Hensgens*, 833 F.2d at 1182; *Irigoyen*, 2004 WL 398553, at *5.  Equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum, and whether denying leave to amend would result in a parallel state court proceeding.  *See, e.g.*, *Gallegos*, 2009 WL 4730570, at *5; *Smith v. Robin America, Inc.*, No. H-08-3565, 2009 WL

2485589, at *6 (S.D. Tex. Aug. 7, 2009); *Tomlinson*, 2006 WL 1331541, at *6. Those factors have already been analyzed in considering the first three *Hengens* factors. Therefore, the fourth *Hensgens* factor is neutral.

Considering the *Hensgens* factors, the Court concludes that the joinder of Academy was primarily for the purpose of defeating federal jurisdiction and Plaintiffs will not be prejudiced by denying the amendment. Therefore, the Court will deny Plaintiffs' Motion to Join Defendant Academy to the present lawsuit. Because complete diversity has not been destroyed, the Court will deny Plaintiffs' Motion to Remand.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' Motion to Join Defendant and Motion for Remand (Dkt. #8) is hereby **DENIED**.

**SIGNED this 7th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE