# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TROY AND LESLIE PATTON,<br>Individually and a/n/f of HUNTER<br>PATTON AND TANNER PATTON | §<br>§<br>§<br>§ | |
| v. | § | CASE NO. 4:14-CV-631 |
| | § | Judge Mazzant |
| NIKE, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike Evidence Attached to Defendant's Response to Plaintiffs' Motion to Join and Motion to Remand (Dkt. #15). After reviewing the motion, the response, and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On October 30, 2014, Plaintiffs filed their Motion to Join and Motion to Remand (Dkt. #8). On December 1, 2014, Defendant filed its Response to Plaintiffs' Motion to Join and Motion to Remand (Dkt. #11). On December 8, 2014, Plaintiffs filed their reply (Dkt. #14) and also filed their Motion to Strike Evidence Attached to Defendant's Response to Plaintiffs' Motion to Join and Motion to Remand alleging that Exhibits One through Four of Defendant's Response were inadmissible and should be struck by the Court (Dkt. #15). Defendant filed its Response to Plaintiffs' Motion to Strike on December 18, 2014 (Dkt. #16).

## ANALYSIS

*Exhibit 1—Declaration of Shelley Batten*

Plaintiffs object to Defendant's Exhibit 1 and request that the Court strike it from the record. Plaintiffs allege that Exhibit 1 constitutes inadmissible hearsay and is being offered to

1

prove the truth of the matter asserted (Dkt. #15 at p. 2). Defendant's Exhibit 1 constitutes an affidavit by Shelley Batten ("Batten" or "Batten Declaration") about Academy's lack of knowledge regarding the alleged defect of the Nike shorts at issue (*See* Batten Declaration; Dkt. #11-1 at ¶¶ 1, 6-10). Defendant contends that Exhibit 1 is admissible because the affidavit sets forth matters within Batten's personal knowledge (Dkt. #16 at p. 3).

Courts accept and consider affidavit evidence when ruling on motions for remand. *See, e.g., Lott v. Dutchmen Mfg., Inc.*, 422 F. Supp. 2d 750, 755 (E.D. Tex. 2006) (considering and crediting affidavit testimony from defendant regarding knowledge of alleged defect at issue); *Garcia v. LG Electronics*, Civ. A. No. B-11-61, 2011 WL 2517141, a *4 (S.D. Tex. June 23, 2011) (considering and crediting affidavits from retailer employees establishing that retailer was innocent seller of allegedly defective product). However, statements must not constitute hearsay and must be made from the affiant's personal knowledge. FED. R. EVID. 602; 801-802; *see Everest Indemn. Ins. Co. v. Allied Int'l Emergency LLC*, No. 4:08-CV-678-Y, 2009 WL 2030421, at *1 (N.D. Tex. July 14, 2009) ("Such statements which merely recount matters within the affiant's personal knowledge and do not include an assertion made by another or made within a document are not hearsay.") (citing *Diamond Offshore Co. v. A & B Builders*, 302 F.3d 531, 545 n. 13 (5th Cir. 2002)).

The Batten Declaration does not constitute hearsay. It contains no assertion made by another person or made within a document. Additionally, it is based upon Batten's personal knowledge in her position at Academy as Division Merchandise Manager – Apparel (Dkt. #11-1 at ¶¶ 2-5). Because the statements are based on Batten's personal knowledge and her own sworn testimony, the affidavit does not constitute hearsay and Plaintiffs' objection is overruled.

*Exhibit 2—Declaration of Kate Horspool*

Plaintiffs object to Defendant's Exhibit 2 and request that the Court strike it from the record. Plaintiffs allege that Exhibit 2 constitutes inadmissible hearsay and is being offered to prove the truth of the matter asserted (Dkt. #15 at p. 2). Defendant's Exhibit 2 constitutes an affidavit by Kate Horspool ("Horspool" or "Horspool Declaration") regarding the lack of recall notice, bulletin or any other communications from Nike to Academy or other sellers regarding the alleged flammability or melting characteristic of the Nike shorts at issue (*See* Horspool Declaration; Dkt. #16 at p. 4). Defendant contends that Exhibit 2 is admissible because the affidavit sets forth matters within Horspool's personal knowledge (Dkt. #16 at p. 4).

The Horspool Declaration does not constitute hearsay. It contains no assertion made by another person or made within a document. Additionally, it is based upon Horspool's personal knowledge in her position as the Apparel Product Safety Manager for Nike (Dkt. #11-2 at ¶ 2-6). Because the statements are based upon Horspool's personal knowledge and her own sworn testimony, the affidavit does not constitute hearsay and Plaintiffs' objection is overruled.

*Exhibit 3—Declaration of Jennifer Skeen and Exhibit 4—Declaration of Jonathan Stoessel*

Plaintiffs object to Defendant's Exhibits 3 and 4 and request that the Court strike them from the record. Plaintiffs allege that Exhibits 3 and 4 constitute inadmissible hearsay and are being offered to prove the truth of the matter asserted (Dkt. #15 at p. 2). Defendant's Exhibit 3 constitutes an affidavit by Jennifer Skeen ("Skeen" or "Skeen Declaration") regarding the lack of certain content on Academy's website. (*See* Skeen Declaration; Dkt. #16 at p. 4). Defendant's Exhibit 4 constitutes an affidavit by Jonathan Stoessel ("Stoessel" or "Stoessel Declaration") regarding an Under Armour line of products, whether Academy sells a particular Under Armour product, and whether Academy has ever been required to sell any moisture wicking products

with warnings regarding alleged flammability or melting (*See* Stoessel Declaration; Dkt. #16 at p. 5). Defendant contends that the Exhibits are admissible because the affidavits set forth matters within Skeen's and Stoessel's personal knowledge (Dkt. #16 at p. 4-5). The Court finds that Plaintiffs' objections to Exhibits 3 and 4 are rendered moot based upon the Court's striking of Exhibit B in Plaintiffs' Motion to Join and Motion to Remand (Dkt. #12).

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' Motion to Strike Evidence Attached to Defendant's Response to Plaintiffs' Motion to Join Defendant and Motion to Remand (Dkt. #15) is hereby **DENIED**.

**SIGNED this 7th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE